Filed 9/30/13  Francis F. v. Superior Court CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FRANCIS F., <br><br>     Petitioner, <br><br>       v. <br><br> THE SUPERIOR COURT OF LAKE COUNTY, <br><br>     Respondent; <br><br> LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., <br><br>     Real Parties in Interest. | A139364 <br><br><br> (Lake County <br> Super. Ct. No. JV320329) |

Petitioner Francis F. seeks writ review (Cal. Rules of Court, rule 8.452) of the decision of the juvenile court setting a hearing under Welfare and Institutions Code section 366.26,[1] following denial of his petition under section 388 for presumed father status and reunification services.  Because the juvenile court did not abuse its discretion in concluding that granting the section 388 petition was not in the best interests of the minors, and substantial evidence supports the court's findings Francis F. is not a presumed father, we deny the petition.

---

[1]  All undesignated section references are to the Welfare and Institutions Code.

BACKGROUND

In May 2012, the Lake County Department of Social Services (Department) filed a section 300 petition alleging that three-year-old A.W. and newborn A.W. (baby A.W.) were minors within the jurisdiction of the juvenile court due to their mother's substance abuse and failure to meet the basic needs of baby A.W. Francis F. was identified as the alleged father of baby A.W. Francis F. was in prison at the time of baby A.W.'s birth and when the section 300 petition was filed.

At the June 2012 jurisdiction hearing, the juvenile court sustained the section 300 petition. At the July disposition hearing, the court declared the minors dependents of the court. Among other things, the juvenile court found that Francis F. "does not meet the standards of statutorily presumed father and therefore is not entitled to family reunification services." The court scheduled a six-month review hearing for December, although the hearing was continued to February 2013.

Francis F. remained in prison until his release in January 2013. He was not notified of the detention or jurisdiction hearings, but he did receive notice of the disposition and six-month review hearings. On February 4, Francis F. made his first appearance in juvenile court and was appointed an attorney. On that same date, the court terminated reunification services to the mother of A.W. and baby A.W. In March, Francis F. requested under section 388 that all prior orders relating to him be vacated due to the violation of his due process right to proper notice of the proceedings.[2] He also requested that he be granted presumed father status. The Department provided Francis F. with some services pending a ruling on his request for reunification services. Francis F. participated in the services "to varying degrees" from April 4 to May 9. He did not participate in services thereafter and did not contact the Department after May 15.

In July 2013, the juvenile court held an evidentiary hearing on Francis F.'s section 388 petition and denied the petition on July 22. The court set a section 366.26

---

**2**   The March 18, 2013 form JV-180 "Request to Change Court Order" of Francis F. was omitted from the record on appeal. On our own motion, we augment the record to include the form.

permanency planning hearing for October 15.  Francis F. filed a writ petition challenging the setting of the section 366.26 hearing, and appealed from denial of the section 388 petition.**3**

## DISCUSSON

Francis F. filed a petition under section 388, requesting that the juvenile court "vacate all prior orders involving" him, and that he be granted presumed father status. Francis F. alleged he had been denied due process because he did not receive proper notice of the dependency proceedings.  In this writ proceeding, Francis F. challenges the juvenile court's order setting a hearing under section 366.26; he claims the court erred in setting the hearing because the court should have granted his section 388 petition and provided him reunification services.  (*In re Rebecca H.* (1991) 227 Cal.App.3d 825, 836 ["The filing of a timely petition for an extraordinary writ permits appellate review of the denial of reunification prior to the date the section 366.26 hearing is held.  Should the reviewing court conclude reunification services were improperly refused, seasonable extraordinary relief could be granted."].)

"Section 388 allows a parent or other person with an interest in a dependent child to petition the juvenile court to change, modify, or set aside any previous order.  (§ 388, subd. (a).)  'Section 388 provides the "escape mechanism" that . . . must be built into the process to allow the court to consider new information.'  [Citation.]  The petitioner has the burden of showing by a preponderance of the evidence (1) that there is new evidence or a change of circumstances *and* (2) that the proposed modification would be in the best interests of the child.  [Citations.]  That is, '[i]t is not enough for [the petitioner] to show *just* a genuine change of circumstances under the statute.  The [petitioner] must show that the undoing of the prior order would be in the best interests of the child.  [Citation.]' [Citation.]"  (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 615; see also *In re Jasmon O.*

---

**3**  Because we conclude the juvenile court did not err in denying the section 388 petition, we will separately ask the parties whether the appeal filed on July 23, 2013, in *In re A.W. et al.* (A139345) should be dismissed as moot.

(1994) 8 Cal.4th 398, 415.)  Francis F. acknowledges he was required to show that granting the petition was in the best interests of the minors.

"A section 388 motion is a proper vehicle to raise a due process challenge based on lack of notice.  [Citation.]" (*In re Justice P.* (2004) 123 Cal.App.4th 181, 189.)  For purposes of the present appeal, we assume, as the juvenile court concluded, that Francis F. did not receive proper notice of the dependency proceedings.  (*Ibid.*)  However, determinative in this case is the juvenile court's finding that Francis F. failed to show that granting the petition was in the best interests of the minors.  (*Id.* at p. 190.)

In considering whether a petitioner has shown that the requested change is in the best interests of a dependent child, "the juvenile court may consider the entire factual and procedural history of the case.  [Citation.]  The court may consider factors such as the seriousness of the reason leading to the child's removal, the reason the problem was not resolved, the passage of time since the child's removal, the relative strength of the bonds with the child, the nature of the change of circumstance, and the reason the change was not made sooner.  [Citation.]  In assessing the best interests of the child, 'a primary consideration . . . is the goal of assuring stability and continuity.'  [Citation.]  [¶] We review the juvenile court's denial of a section 388 petition for an abuse of discretion. [Citation.]" (*In re Mickel O.*, *supra*, 197 Cal.App.4th at p. 616; see also *In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

The juvenile court relied on a range of considerations in concluding that granting the section 388 petition was not in the best interests of the minors.  The court pointed out that, due to Francis F.'s incarceration, he had not had any face-to-face contact with A.W. in about 21 months and he had *never* had face-to-face contact with baby A.W., who was born after his incarceration.  The Department offered Francis F. access to some services starting in April 2013; Francis F. did not participate fully, and then in May he stopped accessing services and ceased contact with the Department.  The court also emphasized Francis F.'s "lengthy criminal history of arrests, convictions, and incarcerations"; his "history of violence," including domestic violence in his relationship with Mother; and a physician's assessment that " 'If irritated, [Francis F.] may assault someone.' "  Quoting

4

from the Department's assessment, the court stated, "By virtue of [Francis F.'s] criminal behavior over the past 25-plus years, he 'could leave the child without a caregiver if there were to be a subsequent arrest.' " Finally, the court referred to Francis F.'s testimony that he is bipolar, has depression, and is dangerous if he fails to take his medication.

Francis F. has not shown the juvenile court abused its discretion (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 318) in concluding that granting the petition was not in the best interests of the minors. On appeal, Francis F. does not dispute any of the considerations relied upon by the court. Instead, Francis F. argues generally that children have an interest in remaining part of their family of origin, that children have better outcomes when their father is involved in their upbringing, and that there is a public policy preference for establishing paternity where possible. However, Francis F. cites no authority that those general considerations are determinative in a best interests analysis. In light of the undisputed evidence of Francis F.'s minimal contact with the minors, history of criminality, violent tendencies, mental health issues, and mixed record of taking advantage of services, the juvenile court did not abuse its discretion in concluding that granting the petition was not in the minors' best interests. (See *In re Justice P.*, *supra*, 123 Cal.App.4th at p. 192 [emphasizing father's lack of contact with children and criminal lifestyle in best interests determination].)

Francis F. also contends the juvenile court erred in finding he was not the minors' presumed father. Francis F. does not present any argument or authority that it is necessary to reach that issue, where the juvenile court properly denied the section 388 petition on the basis of the best interests of the minors. In any event, Francis F. has not shown the court erred. As to A.W., Francis F. claims he is a presumed father under Family Code, section 7611, subdivision (d), which provides that a man is a presumed father if "[h]e receives the child into his home and openly holds out the child as his natural child." Although Francis F. testified he lived with and took care of A.W. for one

5

and one-half years before his imprisonment,[4] the juvenile court found Francis F. failed to prove he openly held A.W. out as his natural child. (See *In re J.O.* (2009) 178 Cal.App.4th 139, 147 ["A man who claims entitlement to presumed father status has the burden of establishing by a preponderance of the evidence the facts supporting his entitlement." ].) The court stated, "The record doesn't contain evidence that he openly, publicly admitted or acknowledged paternity." The only testimony on that issue cited by Francis F. is his affirmative response to the question "[d]id you represent to other people that [A.W.] was your child?" However, he also testified he never told anyone that A.W. was his "natural child." Substantial evidence supports the trial court's finding that Francis F. failed to satisfy his burden of proof. (*In re Cheyenne B.* (2012) 203 Cal.App.4th 1361, 1371.)

As to baby A.W., Francis F. claims he is a presumed father under the reasoning of *Adoption of Kelsey S.* (1992) 1 Cal.4th 816. The decision held, "If an unwed father promptly comes forward and demonstrates a full commitment to his parental responsibilities—emotional, financial, and otherwise—his federal constitutional right to due process prohibits the termination of his parental relationship absent a showing of his unfitness as a parent." (*Id.* at p. 849.) In the present case, although Francis F. did not receive all the notice to which he was entitled, it is undisputed that in June 2012 Francis F. received written notice of the disposition hearing and in November he received written notice of the six-month review hearing. Both notices informed him in boldface type that he had "the right to be present at the hearing, to present evidence, and to be represented by an attorney. In a dependency matter, the court will appoint an attorney for you if you cannot afford one." Nevertheless, he made no effort to assert his parental interest in baby A.W. until he was released from prison in January 2013. Even then, he only partially took advantage of the services offered to him for about a month, and thereafter stopped

---

**4** The juvenile court expressed skepticism about this testimony. A report produced by the Department indicated that mother reported that she and Francis F. often lived apart and that when they lived together it was often without A.W. in their care.

6

participating altogether and ceased contact with the Department. The trial court did not err in concluding Francis F. is not baby A.W.'s presumed father under *Kelsey S.*

Because Francis F. fails to show the juvenile court erred in denying the section 388 petition and in finding he is not the minors' presumed father, Francis F. also fails to show the court erred in setting a section 366.26 hearing.[5]

## DISPOSITION

The writ petition is denied. This opinion is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(3).)

SIMONS, J.

We concur.

JONES, P.J.

BRUINIERS, J.

---

[5] In light of our conclusions on the best interests and presumed father issues, we need not and do not address contention of Francis F. that the Department's failure to provide proper notice of the dependency proceedings was not harmless error.